IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-CR-66-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LARRY JUNIOR COPELAND, )<br>)<br>Defendant. ) | **ORDER OF DETENTION PENDING TRIAL** |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 2 June 2010 for the following offenses: distribution of a quantity of cocaine on or about 20 January 2010 in violation of 21 U.S.C. § 841(a)(1); and distribution of 5 grams or more of cocaine base (*i.e.*, crack) on or about 11 February 2010 in violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from a confidential informant's controlled purchases of the indicated drugs from defendant on each of the alleged

offense dates. Both purchases were audio and video recorded. The first purchase involved 28 grams of cocaine powder and the second 41 grams of crack cocaine. The purchases occurred in the same general area as the residence where defendant has been living for several years and continued to live until his arrest for the instant offense conduct, his mother's home. At the time of his arrest, defendant had a personal-use quantity of marijuana on his person.

Around October 2009, police had executed a search warrant at defendant's residence. They found one to two pounds of marijuana in the storage unit assigned to that residence and drug paraphernalia in the residence itself.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the quantity of drugs involved and defendant's alleged commission of them while on state probation; defendant's criminal record, including six felony and seven misdemeanor convictions for drug offenses, an additional felony conviction for assault with a deadly weapon, three other misdemeanor convictions, commission of offenses while on probation and other probation violations, and revocations of probation in multiple cases not apparently limited to revocations for failure to make court-ordered payment; defendant's history of substance abuse; the substantial prison term defendant faces if convicted; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by

2

defendant, the proposed custodian's serious health problems, the prior association of the proposed custodial home with drug activity, and the proposed custodial home's location in an area known for drug activity; and, as indicated, the other findings and reasons stated in open court.

Defendant offered as mitigating considerations his family ties to the area, his potential employability if released, and his attendance at community college and church. While giving these considerations due weight, the court finds that they are substantially outweighed by the evidence favoring detention.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of June, 2010.

James E. Gates
United States Magistrate Judge