IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-66-D
No. 7:14-CV-225-D

| | |
|---|---|
| LARRY JUNIOR COPELAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On October 10, 2014, Larry Junior Copeland ("Copeland") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 216-month sentence [D.E. 53] 4. On November 3, 2014, Copeland filed a supporting affidavit [D.E. 56] and a motion for discovery [D.E. 57]. On February 22, 2016, Copeland filed an amended motion to vacate [D.E. 65]. On June 20, 2016, Copeland filed a second amended motion to vacate [D.E. 69]. On July 18, 2016, the court stayed the action pending the Supreme Court's decision in Beckles v. United States. [D.E. 72]; see [D.E. 71]. On June 29, 2017, the government moved to lift the stay [D.E. 76], responded to Copeland's section 2255 motions, and filed a supporting memorandum [D.E. 77]. On July 24, 2017, Copeland replied. See [D.E. 81]. On October 13, 2017, Copeland moved for appointment of counsel [D.E. 82]. As explained below, the court grants the government's motion to lift the stay, dismisses Copeland's section 2255 motions, and denies Copeland's motion for appointment of counsel.

I.

On June 20, 2010, a federal grand jury in the Eastern District of North Carolina indicted Copeland and charged him with (1) distributing a quantity of cocaine in violation of 21 U.S.C. §

841(a)(1) (count one) and (2) distributing five or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (count two). See [D.E. 1]; United States v. Copeland, 707 F.3d 522, 524 (4th Cir. 2013). On February 22, 2011, pursuant to a plea agreement [D.E. 34], Copeland pleaded guilty to count two. See [D.E. 45]; Copeland, 707 F.3d at 525. On June 9, 2011, the court sentenced Copeland to 216 months' imprisonment. See Sentencing Tr. [D.E. 46] 13–19; Copeland, 707 F.3d at 526–28. Copeland appealed. On February 25, 2013, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Copeland's plea agreement, dismissed Copeland's appeal of his prison sentence, rejected Copeland's appeal of his eight-year term of supervised release, and rejected Copeland's appeal of this court's denial of his motion to continue his sentencing hearing. See Copeland, 707 F.3d at 528–31.

In Copeland's section 2255 motions, Copeland makes four claims: (1) ineffective assistance of trial counsel for failing to tell Copeland about the mandatory minimum and statutory maximum for count two under the plea agreement; (2) ineffective assistance of trial counsel for failing to object that the Fair Sentencing Act deprived the court of jurisdiction to sentence Copeland; (3) ineffective assistance of appellate counsel for failing to argue that the Fair Sentencing Act required the court to reduce Copeland's advisory guideline range, and (4) that he is not a career offender under Johnson v. United States, 135 S. Ct. 2551 (2013), and that his sentence violated the Fair Sentencing Act and McFadden v. United States, 135 S. Ct. 2298 (2015), Moncrieffe v. Holder, 569 U.S. 184 (2013); Descamps v. United States, 570 U.S. 254 (2013), and Lopez v. Gonzales, 549 U.S. 47 (2010). See [D.E. 53]; [D.E. 65-1]; [D.E. 69]. On June 29, 2017, the government moved to dismiss the motions for failure to state a claim upon which relief can be granted. See [D.E. 76, 77]. On July 24, 2017, Copeland replied. See [D.E. 81].

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Copeland's claims that his sentence violated the Fair Sentencing Act or McFadden, Moncrieffe, Descamps, and Lopez, Copeland failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Copeland from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Copeland has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; United States v. Frady, 456 U.S. 152, 170 (1982); United States

3

v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, these claims fail.

As for Copeland's challenge to his career-offender status or the calculation of his advisory guideline range, he may not pursue these claims in this section 2255 action. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, these claims fail.

Likewise, Copeland cannot use Johnson retroactively in this section 2255 action to challenge the Guidelines as vague or to challenge his career-offender status. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, this claim fails.

As for Copeland's claim concerning his understanding of the mandatory minimum and statutory maximum for count two under the plea agreement, Copeland raised that claim on direct appeal and lost. See Copeland, 707 F.3d at 525–31. Copeland cannot use section 2255 to recharacterize and relitigate a claim he lost on direct appeal. See, e.g., Frady, 456 U.S. at 164–65; Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 296 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, this claim fails.

Alternatively, Copeland's plea agreement contains an appellate waiver. See [D.E. 34] ¶ 2(c). In the waiver, Copeland agreed

> [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive any right to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28

4

> U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Copeland's Rule 11 proceeding, the appellate waiver is enforceable. See Copeland, 707 F.3d at 528–30; United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Other than Copeland's ineffective assistance of counsel claims, Copeland's other claims fall within the appellate waiver. Accordingly, the waiver bars these other claims.

As for Copeland's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Copeland must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

5

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–95. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Lee v. United States, 137 S. Ct. 1958, 1967–69 (2017).

As for Copeland's claim that his trial counsel was ineffective by failing to tell him the mandatory minimum and statutory maximum for count two under the plea agreement, Copeland swore during his Rule 11 proceeding that he understood the charge to which he was pleading guilty, the mandatory minimum, and the statutory maximum penalty for count two. See Rule 11 Tr. [D.E. 45] 16–20. Copeland also swore that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 22–23. The plea agreement recounted the mandatory minimum and statutory maximum penalty (Plea. Ag. ¶ 3(a)), and Copeland agreed:

> That the Court will take into account, but is not bound by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

6

Plea. Ag. ¶ 3(c). Moreover, even though the parties agreed in the plea agreement to certain non-binding recommendations concerning certain Guideline provisions, the plea agreement was silent concerning the career-offender Guideline. See id. ¶ 5.

Copeland's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Copeland understood the mandatory minimum and statutory maximum for count two under the plea agreement and that, even if he received a statutory maximum sentence, then Copeland agreed that he could not withdraw his guilty plea and would not be able to go to trial. See Rule 11 Tr. at 20–24. As such, Copeland has not plausibly alleged "that, but for counsel's [alleged] unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 58, Fields v. Attorney Gen'l of Md., 956 F.2d 1290, 1297 (4th Cir. 1992); Rule 11 Tr. 7–11.

As for Copeland's claim that trial counsel was ineffective for failing to argue that the Fair Sentencing Act deprived the court of jurisdiction to sentence Copeland or that appellate counsel was ineffective for failing to argue that the Fair Sentencing Act required the court to reduce Copeland's advisory guideline range, the arguments fail. Nothing in the Fair Sentencing Act deprived this court of jurisdiction to sentence a defendant convicted of a crack cocaine offense. See Dorsey v. United States, 567 U.S. 260, 264–81 (2012); see also Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 163–65 (2010); United States v. Williams, 341 U.S. 58, 66–68 (1951). A lawyer is not ineffective by failing to make a baseless argument. See, e.g. Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009). Likewise, this court's alternative variant sentence defeats any claim of prejudice concerning the Fair Sentencing Act, the

7

advisory guideline calculation, or Copeland's career-offender status. See Sentencing Tr. [D.E. 46] 17; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

After reviewing the claims presented in Copeland's motions, the court finds that reasonable jurists would not find the court's treatment of Copeland's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to lift the stay [D.E. 76], DENIES Copeland's motion for discovery [D.E. 57], DISMISSES Copeland's section 2255 motions [53, 65, 69], DENIES Copeland's motion for appointment of counsel [D.E. 82], and DENIES a certificate of appealability.

SO ORDERED. This 12 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge